IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EMPRESS CLEOPATRA BEY, aka KHALILAH A SHAREEF, | : : : | |
| Petitioner, | : : | |
| VS. | : : | NO. 5:21-CV-00329-TES-CHW |
| UNITED STATES OF AMERICA, | : : : | |
| Respondent. | : : | |
| _____ | : | |

## ORDER

Petitioner Empress Cleopatra Bey, also known as Khalilah A. Shareef, an inmate most recently incarcerated in the Houston County Detention Center, has filed a *pro se* pleading that has been docketed as a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). *See generally* Letter, Sept. 16, 2021, ECF No. 4 (letter directly from Petitioner indicating she is currently "being held against my will at the Houston County Detention Center"). It is unclear from Petitioner's pleading what relief she is seeking from this Court. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v.*

*Rodriguez*, 411 U.S. 475, 484 (1973)). "[W]hen a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057).

If Petitioner is challenging the fact or validity of her pretrial detention and seeks her release, then Petitioner must recast her Complaint on the Court's standard § 2241 form petition for federal habeas corpus relief. If Petitioner instead wishes to complain about the conditions of her confinement and seek monetary compensation, she should recast her Petition on the Court's § 1983 form. The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the § 2241 and § 1983 forms that Petitioner should use for this purpose. Petitioner shall have **TWENTY-ONE (21) DAYS** from the date of this Order to recast her Petition on the appropriate form. **The recast pleading shall supersede (take the place of) her initial pleading (ECF No. 1) and the letters mailed to the Court (ECF Nos. 2, 4).** The Court will not look back at these documents, or any other documents filed in this case, to determine whether Petitioner has an actionable federal claim.

In addition, Petitioner did not pay any sort of filing fee in this action or file a motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of her claim of indigence and (2) "a certified copy of [her] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Accordingly, Petitioner shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to file a proper motion to proceed without the prepayment of the filing fee or pay the required filing fee. The filing fee for a habeas

2

corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.  The Clerk is **DIRECTED** to mail Petitioner a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form for this purpose.  These forms, as well as the § 1983 and § 2241 forms, should be marked with the case number for the above-captioned case and should be mailed to Petitioner at the Houston County Detention Center.  The Clerk is further directed to mail a copy of the order referring this case to the undersigned (ECF No. 3) at the Houston County Detention Center, as a copy of this Order that was mailed to the Killeen, Texas address that appears on some of Petitioner's filings was returned to the Court as undeliverable (ECF No. 5).

To reiterate, Petitioner shall have **TWENTY-ONE (21) DAYS** from the date of this Order to (1) recast her Petition on the appropriate form and (2) file a proper motion for leave to proceed *in forma pauperis* or pay the appropriate filing fee.  While this action is pending, Petitioner must also immediately inform the Court in writing of any change in her mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's pleadings.**  There will be no service of process in this case until further order.

**SO ORDERED**, this 21st day of October, 2021.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge