IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EMPRESS CLEOPATRA BEY, aka KHALILAH A SHAREEF,** : | |
| Petitioner, : | |
| VS. : | NO. 5:21-CV-00329-TES-CHW |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |

# ORDER

Petitioner Empress Cleopatra Bey, also known as Khalilah A. Shareef, an inmate most recently incarcerated in the Houston County Detention Center, has filed a *pro se* pleading that has been docketed as a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Because it was unclear from Petitioner's pleading what relief she was seeking from this Court, Petitioner was ordered to recast her Petition on the appropriate form and to either pay the required filing fee or file a motion for leave to proceed *in forma pauperis*. Petitioner was also instructed to immediately inform the Court in writing of any change in her mailing address. Petitioner was given twenty-one (21) days to comply, and she was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of her Petition. *See generally* Order, Oct. 21, 2021, ECF No. 6.

The time for compliance passed without a response from Petitioner. Accordingly, Petitioner was ordered to respond and show cause why her Petition should not be dismissed

for failing to comply with the Court's orders and instructions. Petitioner was given fourteen (14) days to respond, and she was again warned that the failure to fully and timely comply with the Court's orders could result in the dismissal of her Petition. *See generally* Order, Dec. 6, 2021, ECF No. 7.

The time for compliance has again passed without a response from Petitioner, presumably because the Court's show cause order was returned to the Court as undeliverable.[1] Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of her case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice.**

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before she may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district

---

[1] Searches of the Houston County Jail's online inmate listing and the Georgia Department of Corrections' online offender query system fail to reveal Petitioner's current whereabouts. http://online.houstoncountyga.org:8011/mrcjava/servlet/MRCPUBLIC. I00030s (searched "Shareef" and "Bey") (last accessed Jan. 4, 2022); http://www.dcor.state. ga.us/GDC/Offender/Query (searched "Shareef" and "Bey") (last accessed Jan. 4, 2022). Though it may be an exercise in futility, the Clerk may therefore mail a copy of this Order to Petitioner at her most recent address of record.

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 5th day of January, 2022.

S/ Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT